UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAVAR J. JOHNSON                                    CIVIL ACTION

VERSUS                                              NUMBER: 12-2388

N. BURL CAIN, WARDEN                                SECTION: "B"(5)


## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Javar J. Johnson, and the State's response thereto.  (Rec. docs. 4, 11).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Johnson's petition be dismissed with prejudice.

Petitioner Johnson is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On September 20, 2000, Johnson was convicted of second degree murder after trial, by jury, in the Fortieth Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.  On November 8, 2000, Johnson was sentenced to life in

prison without benefit of parole, probation, or suspension of sentence.  Through retained counsel, Johnson directly appealed his conviction and sentence, asserting four separate assignments of error.  On May 29, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed Johnson's conviction and sentence.  State v. Johnson, 820 So.2d 604 (La. App. 5th Cir. 2002).  Writs were subsequently denied by the Louisiana Supreme Court on March 14, 2003.  State v. Johnson, 839 So.2d 32 (La. 2003).  Johnson's conviction became final ninety days later, or June 13, 2003, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made.  See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

On March 14, 2004, some nine months after his conviction had become final, Johnson signed and dated a post-conviction relief application ("PCRA") accompanied by a thirty-six page supporting memorandum that was formally filed in the trial court on March 15, 2005.  (St. ct. rec., vol. 3 of 4; rec. doc. 4-6, pp. 1-39).[1]/ Included in the various papers that he submitted with his petition is a supplement to Johnson's PCRA which is also dated March 14,

---

[1]/ Although this PCRA was signed only by Johnson, he maintains that it was prepared and/or filed by an attorney whom he retained subsequent to the affirmance of his conviction. (Rec. doc. 4-1, p. 6).

2004.   (Rec. doc. 4-6, pp. 57-74).   On March 15, 2004, a second retained attorney filed a motion to enroll along with a motion for new trial on Johnson's behalf.   (St. ct. rec., vol. 3 of 4).   On March 22, 2004, the trial court denied Johnson's PCRA based upon the fact that it was not on the standardized form prescribed for such use by the Louisiana Supreme Court pursuant to LSA-C. Cr. P. Art. 926(D).   (St. ct. rec., vol. 3 of 4; rec. doc. 4-6, p. 75). On May 28, 2004, petitioner's counsel filed a motion to have him present at any hearing to be held on the motion for new trial and on June 3, 2004 counsel filed a memo in support of the motion for new trial.   (St. ct. rec., vol. 3 of 4).   Following several continuances, a hearing on Johnson's motion went forward on September 29, 2004 and the motion was denied.   (Rec. doc. 4-2, p. 33).   That ruling was subsequently affirmed by the Louisiana Fifth Circuit on November 30, 2004, State v. Johnson, No. 04-KH-1226 (La. App. 5th Cir. Nov. 30, 2004)(unpublished order), and by the Louisiana Supreme Court on April 8, 2005.   State v. Johnson, 899 So.2d 13 (La. 2005).   (St. ct. rec., vol. 3 of 4).

On November 21, 2005, a third retained attorney enrolled on Johnson's behalf who filed a motion for grand jury transcripts and a motion to continue.   (St. ct. rec., vol. 3 of 4).   On November 22, 2005, the trial court denied Johnson's motion for grand jury transcripts.   (Id.).   A review of the state court record submitted

by the respondent does not reveal that Johnson had anything pertaining to his conviction pending in the state courts in either 2006 or 2007.

On June 12, 2008, petitioner's third retained attorney filed a "motion to set hearing on post-conviction". (St. ct. rec., vol. 3 of 4).  That motion was denied by the trial court on July 10, 2008 as no PCRA was pending at that time. (Id.).  On November 18, 2008, the same attorney filed a second PCRA on Johnson's behalf along with a request for reconsideration of the trial court's denial of the first PCRA on March 22, 2004, citing the fact that petitioner's second retained attorney was unschooled in the field of PCRAs and was thus the subject of Bar Association disciplinary proceedings in connection with that earlier matter. (Id.).  The trial court denied Johnson's second PCRA on December 16, 2008, pointing out that the cited disciplinary proceedings against his second attorney pertained to his representation of Ruth Baker Harris and Sonya Jones Johnson rather than petitioner. (Id.). From that unfavorable ruling, Johnson sought writs from the Louisiana Fifth Circuit which were denied on May 17, 2011 for failure to include a copy of the ruling to be reviewed and as untimely. Johnson v. Cain, No. 11-KH-141 (La. App. 5th Cir. May 17, 2011)(unpublished opinion). (St. ct. rec., vol. 3 of 4). Writs to the Louisiana Supreme Court were denied on April 20, 2012. State

ex rel. Johnson v. State, 85 So.3d 1258 (La. 2012), recon. denied,
90 So.3d 423 (La. 2012).  (St. ct. rec., vol. 3 of 4).

On June 11, 2012, Johnson signed and dated a pro se "petition
for exhaustion review of ineffective assistance of postconviction
counsel claim" that was filed in the state trial court on June 18,
2012.  (St. ct. rec., vol. 3 of 4).  The trial court denied that
petition on June 29, 2012 as repetitive of that which had been
presented in Johnson's second PCRA in 2008.  (Id.).  Writs to the
Louisiana Fifth Circuit were denied on October 24, 2012.  Johnson
v. State, No. 12-KH-709 (La. App. 5th Cir. Oct. 24,
2012)(unpublished opinion).  (St. ct. rec., vol. 3 of 4).  In the
meantime, Johnson had signed and dated his federal habeas petition
on September 12, 2012.  (Rec. doc. 4, p. 9).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism
and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-
132, 110 Stat. 1214 (1996)(effective April 24, 1996), state
prisoners like Johnson have one year from the date that their
convictions become final to timely seek federal habeas relief.
Section 2244(d)(2) further provides that the time during which a
prisoner has a properly filed application for post-conviction
relief or other collateral review pending before the state courts
is not counted against the one-year limitation period.  Although
the State has done so in this case, the one-year time bar may be

raised by the Court <u>sua</u> <u>sponte</u>.  <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, petitioner's conviction became final on June 13, 2003.  After nine months of the §2244(d) one-year time period had expired, Johnson filed a PCRA in the trial court that unfortunately was not on the standardized form prescribed for that purpose.  Before that PCRA was ruled upon, Johnson's counsel filed a motion for new trial which arguably tolled the limitation period during its pendency because of the substantive relief sought.  That motion and the appeals from it remained pending before the state courts until the Louisiana Supreme Court denied writs on April 8, 2005.  At that point, the §2244 limitation period commenced running again and expired three months later in July of 2005.  Johnson's federal habeas petition, signed as it was in September of 2012, thus comes over seven years too late.  The Court being alerted to no basis for statutory tolling under §2244(d)(1)(B), (C), or (D), the question becomes whether Johnson is entitled to equitable tolling of the §2244(d) limitation period.

The doctrine of equitable tolling applies only in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights.  <u>Coleman v. Johnson</u>,

184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120
S. Ct. 1564 (2000).  "A petitioner is entitled to equitable tolling
only if he shows (1) that he has been pursuing his rights
diligently, and (2) that some extraordinary circumstance stood in
his way and prevented timely filing." Holland v. Florida, ___ U.S.
___, ___, 130 S.Ct. 2549, 2562 (2010)(internal quotation marks and
citation omitted).  The diligence prong of the foregoing test is
grounded in notions that equitable tolling "... is not intended for
those who sleep on their rights." Mathis v. Thaler, 616 F.3d 461,
474 (5th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 1574
(2011).  The diligence required of a habeas petitioner is
"reasonable diligence", not "maximum feasible diligence". Holland,
___ U.S. at ___, 130 S.Ct. at 2565.

     For attorney error to justify equitable tolling, counsel's act
or omission must "... amount to egregious behavior ..." sufficient
to "... create an extraordinary circumstance". Whitley v. Cain,
No. 04-CV-2316, 2012 WL 397822 at *3 (E.D. La. Feb. 7,
2012)(Barbier, J.), cert. of app. denied, No. 12-30215 (5th Cir.
Nov. 19, 2012), cert. denied, ___ U.S. ___, 133 S.Ct. 1727
(2013)(quoting Holland, ___ U.S. at ___, 130 S.Ct. at 2563).  "[A]
garden variety claim of excusable neglect, such as a simple
'miscalculation' that leads a lawyer to miss a filing deadline,
does not warrant equitable tolling." Holland, ___ U.S. at ___, 130

S.Ct at 2564 (internal quotation marks and citation omitted).
Equitable tolling was thus found to be applicable in <u>Holland</u> where
the petitioner had sent numerous letters to counsel requesting
information and specifically directing counsel to file a federal
habeas petition before the deadline; had repeatedly contacted the
state courts, their clerks, and the Bar Association in an effort to
have his attorney removed; and, had filed a <u>pro se</u> habeas petition
on the very day that he discovered that his AEDPA clock had
expired.   <u>Holland</u>, ___ U.S. at ___, 130 S.Ct. at 2556-65.   And
while   complete   attorney   abandonment   can   qualify   as   an
"extraordinary circumstance" for equitable tolling purpose, it does
not, in and of itself, excuse the petitioner from his duty of
diligence.   <u>Manning v. Epps</u>, 688 F.3d 177, 184 n.2 (5th Cir.
2012)(citing <u>Maples v. Thomas</u>, ___ U.S. ___, 132 S.Ct. 912, 924
(2012)).   It is the petitioner who bears the burden of proving his
entitlement to equitable tolling.   <u>Alexander v. Cockrell</u>, 294 F.3d
626, 629 (5th Cir. 2002).

Applying the above precepts to the matter at hand, the Court
readily concludes that Johnson has not proven his entitlement to
equitable tolling.   Included in the papers that he submitted with
his petition is a letter petitioner received dated June 18, 2003,
a mere five days after his conviction had become final and the
§2244(d) limitation period had begun to run, from yet another

attorney who had been contacted for post-conviction relief purposes in which she advised him to file a PCRA by March 14, 2004 so as not to adversely impact his federal habeas rights.  (Rec. doc. 4-3, p. 53).   More importantly, however, the scope of the engagement Johnson had with the second attorney who was retained subsequent to his conviction extended only to the filing of a PCRA and a motion for new trial; it did not embrace the filing of a federal habeas petition.  (Rec. doc. 4-4, pp. 89-96).[2]/  Unlike the petitioner in Holland, the Court is directed to no correspondence or other communication in which Johnson specifically instructed his attorney to file a federal habeas petition.  See also, Arita v. Cain, 500 Fed. Appx. 352, 354 (5th Cir. 2012), cert. denied, ___ U.S. ___, 133 S. Ct. 1828 (2013).  The delays exhibited by Johnson in this case also belie a finding of any reasonable diligence on his part. Despite the admonition from an attorney just days after his conviction had become final, Johnson waited nine months to seek post-conviction relief from the state courts and he waited over nine years to seek federal habeas relief.  The Fifth Circuit has held that petitioners failed to exercise reasonable diligence when they acted far more promptly than Johnson did.  Id. (and cases

---

[2]/ The Louisiana Supreme Court found as much in its May 9, 2012 opinion disbarring Johnson's second retained counsel for a variety of acts of misconduct.  In re Hawkins, 90 So.3d 377, 379 (La. 2012).

cited therein).  In addition, unlike the petitioner in <u>Holland</u> who filed a <u>pro</u> <u>se</u> habeas petition on the very day that he discovered that his AEDPA clock had expired, Johnson waited some seven years to do so.  The Court also cannot help but notice that Johnson had no challenges to his conviction pending in the state courts in 2006 or 2007, during which the §2244(d) limitation period twice ran its course.

Petitioner's lack of reasonable diligence notwithstanding, this is also not a case where counsel who was specifically retained to pursue federal habeas relief completely abandoned his client in that pursuit.  As was discussed earlier, none of the attorneys who were engaged by Johnson were retained for the purpose of seeking federal habeas relief and he never instructed any of them to do so. While the second attorney who appeared on Johnson's behalf in the state court proceedings subsequent to his conviction may have failed to utilize the proper PCRA form, he did litigate a motion for new trial through all three levels of the state court system for over a year.  The burden of proving entitlement to equitable tolling has not been carried here.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Javar J. Johnson be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __18th__ day of June, 2013.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE